UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                     Case No. 15-57959

DAVID SALAZAR, SR., and              Chapter 13
LAURA A. SALAZAR,

                                                      Judge Thomas J. Tucker

             Debtors.
_____/

## ORDER DENYING, WITHOUT PREJUDICE, MOTION TO EXCUSE THE REQUIREMENTS THAT DEBTOR-HUSBAND FILE OFFICIAL FORM 423 AND THE CERTIFICATION REGARDING DOMESTIC SUPPORT OBLIGATIONS

      This case is before the Court on a motion, filed January 12, 2021, entitled "Motion to Excuse the Requirements that Debtor-Husband File Official Form 423 and the Certification Regarding Domestic Support Obligations" (Docket # 74, the "Motion"). The Motion seeks a waiver of the requirements that the Debtor David Salazar, Sr. file a "Certification About a Financial Management Course, Official Form 423," and the requirement that the Debtor David Salazar, Sr. "endorse and file the Certification Regarding Domestic Support Obligations." But the Motion states that the Debtor David Salazar, Sr. died on April 14, 2020.

      The Motion must be denied because it was not filed by or on behalf of anyone with standing to seek the relief sought. It is stated to be a motion by the deceased Debtor, but that is impossible, since the Debtor died almost 9 months before the Motion was filed. And the deceased Debtor's attorney does not have standing or authority to file a motion on behalf of a deceased debtor.

      Only a personal representative duly appointed by the probate court under the laws of the State of Michigan may file a motion seeking relief on behalf of the deceased Debtor. *See In re Hamilton*, 274 B.R. 266, 267 (W.D. Tex. 2001) (citing *In re Lucio,* 251 B.R. 705, 708-09 (Bankr. W.D. Tex. 2000))("[W]hen a debtor dies, the only person who can then appear on the debtor's behalf is the person so named as the official representative of the probate estate of the debtor."); Mich. Comp. Laws Ann. § 700.3103 (stating, in relevant part, that "[e]xcept as otherwise provided in article IV, to acquire the powers and undertake the duties and liabilities of a decedent's personal representative, a person must be appointed by the register or by court order, must qualify, and must be issued letters"); Mich. Comp. Laws Ann. § 700.3703(3)(stating that "[e]xcept as to a proceeding that does not survive the decedent's death, a personal representative of a decedent domiciled in this state at death has the same standing to sue and be sued in the courts of this state and the courts of another jurisdiction as the decedent had immediately prior to death").

      Accordingly,

IT IS ORDERED that the Motion (Docket # 74) is denied.

IT IS FURTHER ORDERED that this Order is without prejudice to the right of a duly appointed personal representative of the deceased Debtor to file a motion seeking the same relief that was sought by the present Motion. The Court expresses no view, at this time, about the merits of any such potential future motion.

**Signed on January 19, 2021**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**